**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIRO BUCIO ROSALES,<br><br>     Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et al.,<br><br>     Respondents. | Case No. 1:26-cv-02472 JLT HBK<br><br>ORDER DENYING PETITION FOR WRIT<br>OF HABEAS CORPUS; DENYING MOTION<br>FOR TEMPORARY RESTRAINING ORDER<br>AS MOOT; DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL; AND<br>DIRECTING THE CLERK OF COURT TO<br>CLOSE THIS CASE<br><br>(Docs. 1, 3, 4) |

Before the Court is Jairo Bucio Rosales's petition for writ of habeas corpus brought under 28 U.S.C. § 2241, (Doc. 1), and his request for a temporary restraining order (Doc. 4). Petitioner is an immigration detainee in U.S. Immigration Customs and Enforcement custody at the Golden State Annex Detention Facility in McFarland, California. Having evaluated the habeas petition (Doc. 1), TRO request (Doc. 4), motion to appoint counsel (Doc. 3), and Respondents' opposition (Doc. 10), the Court **DENIES** the habeas petition[1], **DENIES** the motion to appoint counsel, **DENIES** the TRO as moot, and **DIRECTS** the clerk of court to close this case.

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 7.) Respondents did not request a hearing or further briefing and indicated they were amenable to a ruling on the underlying habeas petition. (Doc. 10 at 1.) Petitioner did not file a reply. Considering this and given that Respondents had notice and opportunity to respond, (*see* Doc. 10), the Court decides this case on the underlying habeas petition.

## I.      FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a forty-year-old national of Mexico who entered the United States unlawfully in 2005[2] and was unencountered at the border. (Doc. 1 at 3; Doc. 10-2 at 1.) He has lived in the United States for the past twenty years. (Doc. 1 at 2.) On March 13, 2020, Petitioner married a U.S. citizen with whom he shares six U.S. citizen children. (*Id*.; *see also* Doc. 4 at 17–23.) On July 29, 2020, Petitioner filed a Form I-130 Petition for Alien Relative.[3] (Doc. 4 at 2, 16.) Petitioner asserts that he is currently applying for legal permanent residency. (*Id*. at 2.)

According to his Record of Arrests and Prosecutions ("RAP sheet"), Petitioner has a series of criminal convictions. (*See* Doc. 10-5 at 3–7.) Relevant here, on January 11, 2005, Petitioner was arrested and charged with possession of controlled substances under Cal. Health & Safety Code § 11350(a) and was given deferred entry of judgment for that offense. (*See* Doc. 10-5 at 4.) Petitioner was then convicted of a probation violation related to that offense and the court reinstated his judgment on December 19, 2012. (*Id*.; *see also* Doc. 10 at 2.) On October 26, 2012, Petitioner was again arrested for possession of controlled substances under Cal. Health & Safety Code § 11377(a) and convicted for that offense on May 3, 2013. (Doc. 10-5 at 5.) Both offenses constituted felony convictions. (*See id*. at 4–5.) More recently, on November 9, 2022, Petitioner was convicted for driving under the influence under Cal. Veh. Code § 23152(b). (Doc. 10-5 at 6.) On September 28, 2025, Petitioner was charged for another DUI under Cal. Veh. Code § 23152(a). (Doc. 10-6.) Charges for the recent DUI are currently pending, and the next court date is scheduled for July 2026.[4] (*Id*.; *see also* Doc. 4 at 2.)

On March 12, 2026, while appearing for a court hearing in connection with his recent DUI

---

[2] Respondents claim that Petitioner illegally entered the United States in 2001. (Doc. 10 at 1.)

[3] Though Petitioner claims that his I-130 Petition was "approved," (Doc. 4 at 2), the Approval Notice indicates: "The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status." (*Id*. at 16.)

[4] Contrary to the RAP sheet, Petitioner claims that he only "had one misdemeanor charge in 2020 which is now closed" and that he "has one open and pending misdemeanor charge from 2025" but "has no felony or criminal history." (Doc. 4 at 2.)

charge, Petitioner was arrested by ICE.[5] (Doc. 4 at 2.) According to Respondents, ICE issued an I-200 arrest warrant for Petitioner on March 12, 2026. (*See* Doc. 10-3 at 2.) Petitioner, however, claims that ICE officers did not present any arrest warrant or any reason for his arrest. (Doc. 4 at 2.) At the time of his arrest, Petitioner admitted to being in the country unlawfully without legal documentation. (Doc. 10-1 at 2.) On March 13, 2026, Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. 10-2 at 1.)

On March 31, 2026, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, motion for TRO, and motion to appoint counsel. (Docs. 1, 3, 4.) On March 31, 2026, this Court issued a Minute Order calling for the filing of an opposition and reply related to the TRO. (Doc. 7.) On April 5, 2026, Respondents filed an opposition, (Doc. 10), and Petitioner did not file a reply. In his habeas petition, Petitioner argues that Respondents violated the Fifth Amendment and that he is entitled to immediate release, as well as a pre-deprivation hearing and notice in the event of future detention. (*See* Doc. 1 at 2.) In opposition, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) due to his controlled substances convictions.[6] (Doc. 10 at 4.) Petitioner has now been detained for approximately one month. (Doc. 4 at 2; Doc. 10 at 2.)

## II.     JURISDICTION

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 2.) Thus, he

---

[5] Respondents claim that the arrest occurred on March 13, 2026. (Doc. 10-1 at 2.)

[6] Respondents also argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) as an applicant for admission. (Doc. 10 at 4.) However, given Petitioner's criminal background, the Court finds that § 1226(c) applies authority in this case.

properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.    ANALYSIS

Section 1226(c)(1)(A) mandates detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) applies to "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of" any crime involving "a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II). Respondents argue that Petitioner is inadmissible due to his 2012 and 2013 convictions for possession of controlled substances under Cal. Health & Safety Code §§ 11350(a), 11377(a) and therefore subject to mandatory detention. (Doc. 10 at 4; *see also* Doc. 10-5 at 4–5.) The Court generally agrees.

In the immigration context, "an alien is generally removable if he or she has been convicted of a violation of a federal, state, or foreign law 'relating to a controlled substance,' as that term is defined in § [8]02 of the Controlled Substances Act ("CSA"), 21 U.S.C. § 802." *Lazo v. Wilkinson*, 989 F.3d 705, 709 (9th Cir. 2021) (citing 8 U.S.C. § 1227(a)(2)(B)(i)). Under the CSA, the term "controlled substance" means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter, 21 U.S.C. § 802(6). *Id.* (citations omitted); *see also* 21 U.S.C. § 812(b)(1)–(5), (c). "In assessing whether a conviction for a particular state offense counts as one 'relating to a controlled substance' under § 237(a)(2)(B)(i), . . . [courts] apply[] the so-called 'categorical approach,' under which a 'state

conviction triggers removal only if, *by definition*, the underlying crime falls within a category of removable offenses defined by federal law.'" *Lazo*, 989 F.3d at 710 (citing *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015)). Where the elements that make up the state crime relate to a federally controlled substance as defined in the CSA, then the removal provision is satisfied. *Id*. (citing *Mellouli*, 575 U.S. at 811); *see also Mellouli*, 575 U.S. at 808 (finding that the Kansas statute was not a categorical match for purposes of deportability under 8 U.S.C. § 1227(a)(2)(B)(i) because the Kansas drug paraphernalia statute at issue relied on a list of drugs that "included at least nine substances" that were not included within the CSA's definition).

Using this framework, Ninth Circuit found that both Cal. Health & Safety Code §§ 11350(a) and 11377(a) include substances that are not regulated by the CSA, and therefore sections 11350 and 11377 are not *categorically* offenses "relating to a controlled substance" under immigration statutes 8 U.S.C. §§ 1227(a)(2)(B)(i), 1182(a)(2)(A)(i)(II). *See Lazo*, 989 F.3d at 710 (explaining section 11350(a) relies on an overbroad list of controlled substances not similarly regulated by the CSA); *see also Coronado v. Holder*, 759 F.3d 977, 982–83 (9th Cir. 2014) (explaining that because section 11377(a) includes the khat (Catha Edulis), a substance which does not violate the CSA, indicates that the full range of conduct covered by section 11377(a) does not fall within the CSA schedules and thus petitioner's conviction was not a categorically removable offense).

However, under the "modified categorical approach," the Ninth Circuit determined that Cal. Health & Safety Code §§ 11350(a) and 11377(a) are "divisible," which means that each statute defines multiple offenses with different elements, thereby allowing courts to determine whether the precise offense at issue relates to a controlled substance under the CSA. *See Lazo*, 989 F.3d at 710–11, 712–13 ("the official California pattern jury instruction applicable to offenses under § 11350 also requires that the specific controlled substance be identified in the instructions and that, in order to convict, the jury must unanimously find that the defendant possessed that *particular* substance"); *Coronado*, 759 F.3d at 984–85 (explaining that § 11377(a) is divisible because it identifies a number of controlled substances by referencing various California drug schedules and statutes and criminalizes the possession of any one of those

substances, effectively creating several different crimes). Using this approach, in *Lazo*, the Court found that petitioner's charging document and transcript of guilty-plea unambiguously established that he was convicted for possession of cocaine under § 11350(a) which falls under Schedule II of the CSA. *Lazo*, 989 F.3d at 714. In *Coronado*, the Court found that the criminal complaints, docket sheet, and minute order established that petitioner twice pleaded guilty to possession of methamphetamine under § 11377(a) which is prohibited by the CSA. *Coronado*, 759 F.3d at 985–86.

Respondents fail to identify the specific narcotic which formed the basis for Petitioner's prior convictions, therefore this Court is unable to assess whether Petitioner's convictions in fact "relate to a controlled substance" under the CSA. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II); (*see also* Doc. 10 at 4). Nonetheless, this Court finds that Respondents present a colorable basis for Petitioner's arrest and detention under 8 U.S.C. § 1226(c). Petitioner's RAP sheet indicates that he has twice been convicted of possession of a controlled substance under divisible California statutes. (Doc. 10-5 at 4–5.) Petitioner was only recently charged with removability on March 13, 2026; therefore, his removal proceedings are ongoing.[7] (*See* Doc. 10-2 at 1.) At such removal proceedings, the government will need to prove that Petitioner's prior convictions render him inadmissible. *See Coronado*, 759 F.3d at 981 (explaining that the government satisfied its burden of proving that petitioner was convicted of possessing methamphetamine).

As such, Petitioner is not entitled to immediate release, nor does his detention under § 1226(c) require a bond hearing.[8] *See Zamarripa v. Wofford*, No. 1:26-cv-01338-JLT-SKO, 2026

---

[7]  Indeed, upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that he is scheduled for a master hearing on May 18, 2026, before an Immigration Judge. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited April 15, 2026).

[8]  If Petitioner's detention becomes unreasonably prolonged, Petitioner may raise a due process challenge at that time. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877–82 (E.D. Cal. 2022) (finding that petitioner's one-year detention under § 1226(c) entitled him to a bond hearing). Because Petitioner has only been detained for approximately one-month, any such argument is premature. Further, to the extent Petitioner's controlled substances convictions under California law do not constitute deportable offenses or render him inadmissible within the meaning of 8 U.S.C. §§ 1227(a)(2)(B)(i) and 1182(a)(2)(A)(i)(II), Petitioner may request a *Joseph* hearing where he demonstrates that he is not properly included in a mandatory detention category. *See Demore v. Kim*, 538 U.S. 510, 513 n.3 (2003) ("This '*Joseph* hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c). . . At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate

WL 681761, at *2 (E.D. Cal. Mar. 4, 2026) (explaining that Petitioner's mandatory detention under 8 U.S.C. § 1226(c) for his prior conviction of assault with force likely to produce great bodily injury was a crime of moral turpitude under § 1182(a)(2) and did not entitle him to a pre-deprivation bond hearing).

Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 3 at 2.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, considering Petitioner's controlled substances convictions, the Court finds that his detention is mandatory under § 1226(c) and denies habeas relief. Accordingly, the interests of justice do not require appointment of counsel.

**IV.   CONCLUSION AND ORDER**

1.   Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

2.   Petitioner's Motion for Temporary Restraining Order (Doc. 4) is **DENIED** as moot.

3.   Petitioner's Motion for Appointment of Counsel (Doc. 3) is **DENIED**.

4.   The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **April 16, 2026**

UNITED STATES DISTRICT JUDGE

---

crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."); *Matter of Joseph*, 22 I&N Dec. 799, 799 (BIA 1999).